UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| SAMUEL LEE PACE, JR., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:22-CV-17-DCLC-SKL |
|  | ) |  |
| SHERIFF CHAD PARTIN, | ) |  |
| LT. TAMMY WARREN, | ) |  |
| SGT. FORREST BLACKBURN, | ) |  |
| COFFEE COUNTY JAIL, and | ) |  |
| SGT. BECKY LYNN, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION

Samuel Lee Pace, Jr. is a prisoner proceeding pro se and *in forma pauperis* in a civil rights action for violations of 42 U.S.C. §1983 [*See* Doc. 4]. On March 31, 2022, this Court entered an Order screening Plaintiff's complaint and provided Plaintiff twenty-one (21) days from entry of the Order to file an amended complaint [*Id*. at 8]. The Court warned Plaintiff that it would dismiss this action if Plaintiff failed to timely comply with that Order [*Id*.]. Plaintiff has not complied with the Court's Order, and the time for doing so has passed.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

First, Plaintiff's failure to timely comply with the Court's Order was due to Plaintiff's willfulness or fault. Plaintiff has chosen not to comply with, or even respond to, the Court's Order. Second, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced any Defendant(s), as service has not issued in this case. Third, the Court's Order expressly warned Plaintiff that a failure to timely submit a certified copy of his inmate trust account would result in the dismissal of this action. Finally, the Court concludes that alternative sanctions are not warranted, as Plaintiff has failed to comply with the Court's clear instructions. On balance, these factors support dismissal of this action under Rule 41(b).

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status did not prevent him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED:**

                                     s/Clifton L. Corker
                                     United States District Judge